PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK H. BANKS, ) | |
| ) | CASE NO. 4:18CV00596 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| UNITED STATES POSTAL INSPECTION ) | |
| SERVICE, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF Nos. 5, 6, 9] |

This case was removed from the Mahoning County Court of Common Pleas by Defendant United States Postal Inspection Service and Postal Inspector David Anderchak (collectively "USPIS"). ECF No. 1. After removal, USPIS filed a motion to dismiss for failure to state a claim, ECF No. 5, and for an order requiring *pro se* Plaintiff Frederick H. Banks to pay the removal filing fee, ECF No. 6. Plaintiff filed a combined opposition to both motions. ECF No. 7, and USPIS replied to Plaintiff's opposition to its motion to dismiss, ECF No. 8.

Also before the Court is Plaintiff's motion to disqualify USPIS's counsel in this case, Assistant U.S. Attorney Renee A. Bacchus. ECF No. 9. USPIS did not respond to the motion. Plaintiff's motion to disqualify is denied.[1]

---

[1] Banks claims that the U.S. Attorney should be disqualified from this case. He alleges that, during the 2016 presidential campaign, he (Banks) alerted Ivanka Trump to CIA FISA surveillance, which prompted a Congressional investigation into both the CIA and the Department of Justice. ECF No. 9 at PageID #: 86. The Sixth Circuit has adopted a three-part test to determine whether disqualification is appropriate: (1) a past attorney-client relationship existed between the party seeking disqualification and the

(continued...)

(4:18CV00596)

For the reasons contained herein, this case is dismissed.

## I. Background

### A. Procedural Background

While incarcerated at Northeast Ohio Correctional Center ("NEOCC"), Banks filed the instant action in the Mahoning County Court of Common Pleas (Case No. 2018-CV-00267) against USPIS, Stg Officer Moore, Ms. Cox, M. Starkey, and Case Manager Jones (collectively "Defendants").[2] *See* ECF No. 1-1. USPIS removed this case pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1). ECF No. 1 at PageID #: 2, ¶ 4. In the notice of removal, USPIS asserts that Banks has been declared a vexatious litigator in Ohio pursuant to Ohio Rev. Code § 2323.52, and is obligated to obtain leave of court prior to initiating proceedings in a state court in Ohio. *Id*. at PageID #: 1 n.1. The Mahoning County Court of Common Pleas accepted Banks's complaint for

---

[1](...continued)
attorney he seeks to disqualify; (2) the subject matter of those relationships is substantially related to the litigation at hand; and (3) the attorney acquired confidential information from the party seeking disqualification. *Bowers v. Ophthalmology Grp*. 733 F.3d 647, 651 (6th Cir. 2013) (citing *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990)). The reasons given by Plaintiff for disqualifying USPIS's counsel do not satisfy the test for disqualification.

[2] In his state court complaint, Banks lists Hanna Raymer as both a plaintiff and a defendant. *See* ECF No. 1-1 at PageID #: 6. Raymer did not sign the complaint and Banks cannot represent her in this *pro se* action. *See Huff v. First Energy Corp.*, No. 5:12CV2583, 2013 WL 639328, at *3 (N.D. Ohio Feb. 20, 2013), *amended in part sub nom. Huff v. First Energy Corp.*, No. 5:12CV2583, 2013 WL 3760021 (N.D. Ohio July 15, 2013) (collecting cases). Accordingly, Raymer is not a plaintiff in this action. On the defendant side, Banks asserts no allegations against Raymer in the removed Complaint. To the extent that Hanna Raymer is a defendant in this action, Banks fails to state a claim against her because there are no factual allegations in the Complaint from which the Court could infer that she is a state actor or violated Plaintiff's constitutional rights.

2

(4:18CV00596)

filing and issued a summons but had not yet ruled on his motion for leave to file when the USPIS removed the case. *Id*.

While a prisoner, Banks has filed hundreds of actions in federal district courts across the United States. *See Cook v. Fed. Bureau of Prisons*, No. 5:18 CV 187, 2018 WL 2322868, at *1 (N.D. Ohio May 21, 2018) (Banks filed over 285 federal cases in nineteen different districts); *Banks v. Cuevas*, No. 4:17CV2460, 2018 WL 1942194, at *1 (N.D. Ohio Apr. 25, 2018) (Banks is a frequent filer of frivolous actions in federal and state courts.); *see also Banks v. Cocas*, No. 4:17CV1512, 2017 WL 4020376, at *3 n.1 (N.D. Ohio Sept. 13, 2017) (compiling cases filed by Banks). More than three of Banks's actions have been dismissed as frivolous, so he is barred from bringing an action in federal court *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his state court complaint, Plaintiff does not allege that he is in imminent danger of serious physical injury.[3]

---

[3] Section 1915(g) is the basis for USPIS's motion to require Banks to pay the removal filing fee. ECF No. 6. USPIS argues that Plaintiff is filing in state court knowing that the government defendant will remove the case to federal court, thus allowing Banks to litigate in federal court without paying the filing fee. USPIS acknowledges that the Sixth Circuit has not ruled on the issue of whether a plaintiff subject to § 1915(g) may be required to pay the filing fee in a removed case. ECF No. 6-1 at PageID #: 63. However, some district courts within the Sixth Circuit have indicated that if a plaintiff subject to § 1915(g) attempts to evade that restriction by filing in state court, the court may impose a monetary sanction in the full amount of the civil filing fee. *See Myers v. Shelby Cty.*, No. 16-2835-STA-egb, 2018 WL 1937084, at *6 (W.D. Tenn. Apr. 24, 2018); *Davis v. Allen*, No. 15-2031-JDT-tmp, 2016 WL 1421012, at *4 n.2 (W.D. Tenn. Apr. 8, 2016).

At this time, the Court declines to require Plaintiff to pay the removal filing fee or pay an equivalent sanction. Banks is cautioned, however, that the Court may impose a monetary sanction if he continues to file meritless cases in state court that are ultimately removed to the Northern District of Ohio for resolution.

(4:18CV00596)

### B. Factual Background

In his state court Complaint, Banks alleges that Defendants delayed and obstructed his mail at NEOCC. *See* ECF No. 1-1 at PageID #: 6. Plaintiff claims that he received a letter from "H.R.,"[4] but Moore ordered Starkey to reject and return the letter as "inmate to inmate" correspondence. *Id*. at PageID #: 6. Plaintiff claims that he is not actually an inmate, but is confined at NEOCC because of "civil commitment" under 18 U.S.C. § 4241(d). *Id*. at PageID #: 7. On this basis, Banks claims in Count 1 that Starkey and Moore engaged in a civil conspiracy with Cox to delay and obstruct Banks's mail. *Id*. at PageID #: 6-7. In Count 2, Banks alleges that Moore and Starkey invaded his privacy by handling his mail as described in Count 1. *Id*. at PageID #: 7-8.

In Count 3, Banks raises a claim under 42 U.S.C. § 1983 claim, alleging that Moore and Starkey, acting under color of state law, violated the First and Fourteenth Amendments by delaying and obstructing his mail at NEOCC. *Id*. at PageID #: 8. In Count 4, Plaintiff raises a 42 U.S.C. § 1985 claim, alleging that Moore, Starkey, and Cox conspired to delay and obstruct his mail at NEOCC, and conspired to improperly classify him as "sentenced" and "black," though he is not convicted and is an American Indian. *Id*. at PageID #: 8-9.

In Count 5, pursuant to 28 U.S.C. § 1361, Plaintiff seeks a writ of mandamus to compel the USPIS to investigate his claims that Moore, Starkey, and Cox delayed and obstructed his mail while he was housed at NEOCC. *Id*. at PageID #: 8-9.

---

[4] "H.R." refers to Hanna Raymer. *See* ECF No. 1 at PageID #: 14.

4

(4:18CV00596)

Banks asks the Court to grant his mandamus petition against USPIS, and to award him $78,000.00 in damages and $210,000.00 in punitive damages. *Id*. at PageID #: 9.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the district court is required under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A to review these complaints and to dismiss any such complaint that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Moreover, while some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18 CV 1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 F. App'x. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B)(ii) and § 1915A, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 470-71 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B) and 1915A) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). Thus, a complaint fails to

(4:18CV00596)

state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471.

In analyzing the sufficiency of Plaintiff's complaint under § 1915(e)(2)(B), § 1915A, or Rule 12(b)(6), the Court considers the requirements of Fed. R. Civ. P. Rule 8(a)(2) and Iqbal/Twombly. Rule 8 requires only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and does not require detailed factual allegations. That said, the pleader must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (citing Rule 8; *Twombly*, 550 U.S. at 555). A complaint must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Id*. at 678 (quoting *Twombly,* 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Law and Analysis

Banks's claims fall into three categories: (1) violation (and conspiracy to violate) Plaintiff's rights under the federal constitution and laws by Moore, Starkey, and Cox with respect to the handling of his mail (Counts 1, 3, and 4);[5] (2) invasion of his privacy by Moore, Starkey,

---

[5] Plaintiff names his case manager Jones as a defendant but does not allege any wrongdoing against Jones. The only factual allegation as to Jones is that Jones advised Plaintiff that he was a "patient" and not an "inmate" at NEOCC. *See* ECF No. 1-1 at PageID #: 7, ¶ 1. To the extent that any factual allegations as to Jones may be construed to assert that Jones violated Plaintiff's rights regarding his mail at NEOCC, that claim fails for the same reasons that Banks's claims against Starkey, Moore, and Cox fail.

(4:18CV00596)

and Cox (Count 2); and (3) a mandamus petition against defendant USPIS (Count 5). USPIS moves to dismiss all counts. ECF No. 5.

**A. Banks Fails to Allege a Constitutional Violation (Counts 1 and 3)**

Pursuant to 42 U.S.C. § 1983, Banks alleges that Moore, Starkey, and Cox, acting under color of state law, conspired to violate and indeed violated his rights under the federal constitution and federal law with respect to the handling of his mail. ECF No. 1-1 at PageID #: 8-9, ¶¶ 3, 5. Section 1983 provides a cause of action against government officials who, while acting under color of state law, deprive the claimant of rights secured by the United States Constitution or laws. *Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018) (citation omitted). To state a claim under § 1983, Banks must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

During all times relevant to Plaintiff's claims, he was housed at NEOCC. ECF No. 5-1 at PageID#: 32-33. Plaintiff claims that Moore and Starkey, apparently employees of NEOCC, are Ohio prison officials acting under color of state law. *See* ECF No. 1-1 at PageID #: 8, ¶ 6. Even construed liberally, however, the Complaint alleges no facts to support this allegation. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (court not required to accept unwarranted factual inferences); *see also Lillard v. Shelby Cty. Bd. Of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations in determining whether a complaint states a claim for relief). Instead, the Complaint flatly asserts, "As prison officials of the State of Ohio, Moore and Starkey act under color of state law and were acting as such when they rejected

7

(4:18CV00596)

and unlawfully censored plaintiff's letter in violation of the First Amendment." ECF No. 1-1 at PageID#: 8.

Banks, under criminal indictment in United States District Court, Western District of Pennsylvania (Case No. 2:15-cr-168), was housed at NEOCC in connection with that indictment as a pretrial detainee in the custody of the U.S. Marshals Service when the events at issue in this case transpired.[6] ECF No. 5-1 at PageID #: 32-33. NEOCC is a privately run prison in Mahoning County, Ohio, that houses inmates for the U.S. Marshals Service and the Bureau of Prisons. *See Picone v. U. S. Marshal Serv.*, No. 4:15CV2033, 2016 WL 5118303, at *3 (N.D. Ohio Sept. 21, 2016). It is a private prison operated by a private corporation with whom the Federal Bureau of Prisons has contracted to house and provide services for individuals in federal custody. *Id.* (citing *Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012) (per curiam)).

The Court is not required to accept Plaintiff's conclusory allegations that Moore and Starkey, apparently employees of a private corporation, are state prison officials. Nor is the Court obligated to devise a legal theory by which such an allegation could be supported. Banks's bare allegations that Moore and Starkey acted under color of state law are insufficient to state a § 1983 claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678 (A complaint must contain

---

[6] Federal Courts may take judicial notice of public records, such as dockets and proceedings in other courts. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (citation omitted).

(4:18CV00596)

more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action.") (quoting *Twombly,* 550 U.S. at 570)). Those claims are dismissed pursuant to § 1915.[7]

Moreover, Plaintiff's allegations do not support a finding of an underlying constitutional violation concerning the handling of his mail. The Supreme Court has upheld the application of prison regulations concerning inmate mail so long as it is reasonably related to legitimate penological interests. *See, e.g.*, *Turner v. Safley,* 482 U.S. 78, 89-90 (1987); *Wolff v. McDonnell,* 418 U.S. 539, 576-77 (1974) (prison officials may inspect an inmate's ordinary mail). There are no factual allegations in the Complaint from which the Court can reasonably infer that the alleged "delay" and "obstruction" of Plaintiff's mail was not reasonably related to NEOCC's legitimate penological interests. Because Plaintiff has failed to state a claim for violation of his federal rights upon which relief may be granted, Counts 1 and 3 of his Complaint are dismissed.

---

[7] To the extent Banks alleges a *Bivens* claim against Moore, Starkey, and Cox, that claim also fails. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the Supreme Court created a limited private right of action for damages against individual federal government officials who are alleged to have violated a person's constitutional rights under color of federal law. Plaintiff's alleged constitutional violations concerning the handing of his mail do not fall within the three specific contexts of constitutional violations to which the Supreme Court has applied *Bivens*, and the Supreme Court has recently declined to extend *Bivens* claims beyond those existing contexts. *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). Moreover, the Supreme Court has expressly held that neither a private corporation operating a federal prison nor its employees may be sued for damages under *Bivens*. *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 70-74 (2001); *Minneci v. Pollard,* 565 U.S. 118 (2012) (prisoner in privately run federal prison cannot assert *Bivens* claim against prison employees for inadequate medical care in violation of the Eighth Amendment)). In any event, even if the alleged conduct of Moore, Starkey, or Cox could be construed as acting under color of federal law, Plaintiff has failed to state a claim for a violation of his constitutional rights.

(4:18CV00596)

**B. Banks Fails to Allege Invasion of Privacy (Count 2)**

In Count 2, Banks alleges that Moore and Starkey "invaded the privacy of Plaintiff by rejecting and reading his mail without cause to do so." ECF No. 1-1 at PageID#: 7-8. Invasion of privacy sounds in state law, but the pertinent question is whether Banks states a claim for relief at all.

It is unclear, for dismissal purposes, whether the federal pleading standard applies to cases filed in state court that are ultimately removed to federal court. *See Texas Ujoints, LLC v. Dana Holding Corp. Mach. Serv., Inc.*, 2013 WL 6230675, at *5 (E.D. Wis. Dec. 2, 2013). "Ohio [is] a notice-pleading state." *Tuleta v. Med. Mut. of Ohio*, 6 N.E.3d 106, 115 ¶ 31 (Ct. App. Ohio 2014). In this case, however, the distinction is irrelevant. Even under Ohio's notice-pleading standard, Banks is obligated to allege "sufficient operative facts, that if true, would establish" Defendants' liability. *Id.* Banks's allegations do not meet that standard.

As discussed above, prison officials may inspect an inmate's ordinary mail. *Turner*, 482 U.S. at 89-90; *Wolff*, 418 U.S. at 576-77. Absent some meaningful allegation that the rule should not apply or that Starkey and Moore's mail handling practices were not reasonably related to NEOCC's legitimate penological interests, Banks's Complaint cannot satisfy either the federal or the Ohio pleading standard.

Count 2 is dismissed because it fails to state a claim upon which relief may be granted.

**C. Banks Fails to Allege a Civil Conspiracy (Count 4)**

Count 4 of Banks's Complaint alleges conspiracy to violate federal rights under 42 U.S.C. § 1985. In order to state a claim for conspiracy pursuant to § 1985, plaintiff must allege:

10

(4:18CV00596)

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)) (further citation omitted).

Conspiracy claims must be pleaded with some degree of specificity, and vague conclusory allegations are insufficient to state a claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987) (citation omitted). Plaintiff's conclusory allegations, unsupported by material facts, are insufficient to state a conspiracy claim. But even if Plaintiff had presented specific factual allegations, his Complaint would fail nevertheless because it does not allege an underlying deprivation of constitutional rights. In the absence of an underlying violation of Plaintiff's rights under the federal constitution and law, as the Court has found here, there can be no violation of 42 U.S.C. § 1985. *See Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 462 (6th Cir. 2011) (citing *Wiley v. Oberlin Police Dep't*, 330 F. App'x 524 (6th Cir. 2009) (when plaintiff fails to show an underlying constitutional violation, she cannot prevail on her conspiracy claim)).

Accordingly, because Banks fails to state a claim for civil conspiracy upon which relief may be granted, Count 4 of his Complaint is dismissed pursuant to § 1915.

**D. Banks Fails to Meet the Standard for a Writ of Mandamus (Count 5)**

In Count 5, Banks seeks a writ of mandamus against USPIS pursuant to 28 U.S.C. § 1361 compelling the defendant to investigate Moore, Starkey, and Cox's alleged constitutional

(4:18CV00596)

violations concerning the handling of his mail at NEOCC. USPIS moves to dismiss Count 5 pursuant to Rule 12(b)(6) and § 1915A for failure to state a claim. That motion is granted.

As an initial matter, it appears that the Court lacks subject-matter jurisdiction over Count 5 because Banks is no longer incarcerated at NEOCC. A search of the Bureau of Prisons federal prisoner database indicates that Banks is no longer in BOP custody, and USPIS indicates that he has been transferred to the Mahoning County Jail. ECF No. 5-1 at PageID #: 32 n.1.

Article III of the Constitution confers jurisdiction on federal courts only if a case or controversy exists. When there no longer exists a case or controversy, or if Plaintiff is unable to benefit from the mandamus relief requested, the case is moot and the Court lacks jurisdiction. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Plaintiff is no longer housed at NEOCC, and his requested mandamus order directing USPIS to investigate NEOCC would do him no good. And Banks's mandamus claim does not fall within the narrow exceptions to the mootness doctrine. *See id.* at 482 (the Court retains jurisdiction when the challenged action is too short to be fully litigated prior to its expiration, and there is a reasonable expectation that the complaining party would be subject to the same action again); *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (An exception to the mootness doctrine exists when the issue is "capable of repetition, yet evading review.") (quoting Rosen v. Brown, 970 F.2d 169, 173 (6th Cir. 1992) (citation omitted)). Because Banks is no longer incarcerated at NEOCC, his mandamus claim against USPIS is moot and accordingly dismissed.

Courts routinely dismiss such claims on mootness grounds. *See, e.g.*, *Vida v. Cage*, 385 F.2d 408 (6th Cir. 1967) (per curiam) (mandamus petition against prison authorities in Milan,

12

(4:18CV00596)

Michigan became moot when plaintiff was transferred to another facility after filing his action); *Hunter v. Holland*, Civil Action No. 15-81-DLB, 2015 WL 4606123, at *2 (E.D. Ky. July 30, 2015) (transfer to another federal prison during pendency of action rendered mandamus petition moot) (citations omitted); *see also Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1259 (D. Kansas 1999) (inmate's transfer to another prison moots claim for injunctive and mandamus relief) (citing among authority *Smith v. Younger*, 187 F.3d 638 (6th Cir. 1999) (Table)); *Stewart v. Andrews*, 61 F. App'x 919 (5th Cir. 2003) (Table) (petition for writ of mandamus with respect to free photocopies needed to file a 28 U.S.C. § 2254 petition is moot because plaintiff is no longer incarcerated and the controversy is no longer live) (per curiam) (citation omitted).

If the Court had jurisdiction over Banks's mandamus claim, it would be dismissed because the allegations, taken as true, fail to meet the standard for a mandamus order. Section 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel and officer of employee of the United States or any agency thereof to perform a duty owed to plaintiff." But § 1361 provides for the remedy of mandamus only if Plaintiff has exhausted all other avenues of relief and the USPIS owes him a clear nondiscretionary duty. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984) (citation omitted); *see also Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (Mandamus is available only if plaintiff has a clear right to relief, defendant has a clear duty to act, and no other adequate remedy is available.) (citation omitted).

In support of its motion to dismiss, USPIS argues that it is a law enforcement agency charged with the investigation of criminal matters related to the Postal Service and the mail and,

13

(4:18CV00596)

like other law enforcement agencies, it has discretion as to which alleged crimes to investigate and prosecute. ECF No. 5 at PageID #: 34 (citing among authority 18 U.S.C. § 3061). Because USPIS does not have a clear duty to act to investigate Plaintiff's allegations concerning his mail, he is not entitled to mandamus, and because Plaintiff has a remedy at law. *Id.*

The Court agrees. "'[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.'" *Carson*, 633 F.3d at 491 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). Plaintiff seeks money damages for his claims that Moore, Starkey, and Cox delayed and obstructed his mails. That suggests that an adequate remedy at law is in fact available. In addition, Plaintiff's allegations do not establish that USPIS has a clear duty to investigate the alleged obstruction and delay of his mails by NEOCC. Finally, this is not the kind of extraordinary situation for which the drastic remedy of mandamus is appropriate.

### III. Conclusion

For all of the foregoing reasons, USPIS's motion to dismiss (ECF No. 5) is granted, and this action is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A, and Rule 12(b)(6). For the foregoing reasons, USPIS's motion to require Plaintiff to pay the filing fee (ECF No. 6) and Plaintiff's motion to disqualify USPIS's counsel (ECF No. 9) are both denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   August 31 , 2018                               */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                  United States District Judge